# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

SEPTEMBER TERM, 1872.

TRUSTEES OF THE INDEPENDENT PRESBYTERIAN CHURCH
AND SOCIETY OF BUFFALO GROVE AND POLO

*v.*

ROBERT PROCTOR.

INJUNCTION—*bill by trustees of church to restrain pastor from officiating in pulpit.* Upon bill in chancery, by the trustees of an independent church organization, to restrain their pastor from longer officiating as such, it appeared that the church had no connection with any religious denomination, but was governed by its own rules and customs. One of the customs of the church and society was to elect a pastor every year. In this way, the defendant was elected in 1868, 1869 and 1870, and again in 1871, and he accepted. After the last election, the church session and the church trustees decided not to retain him, but he declined to leave, the trustees claiming that they had the sole power to employ a pastor. They, however, failed to establish this claim: *Held*, that the facts and circumstances were not such as to justify the interference of a court of equity, it appearing that he remained in obedience to the vote of a majority of the society, whose wishes, according to the usages of the church, should control.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. EUSTACE, BARGE & DIXON, for the appellants.

Mr. WM. LATHROP, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This is a voluminous record, but the merits of the case can be passed upon in a brief opinion.

The complainants are the trustees of a religious organization called "The Independent Presbyterian Church and Society of Buffalo Grove and Polo." This organization has no connection with any religious denomination. It is, as its name imports, an independent church, and is governed by its own rules and customs. It appears that one of the customs of the church and society was to elect their pastor every year. The appellee was first elected to fill this position in November, 1868. He was re-elected in 1869, and again in 1870. In 1871 he was again re-elected, by the church and society voting together. This vote was communicated to him by the trustees. Shortly afterwards, the church session and the church trustees decided that he should not be retained, but he declined to leave the church. This bill was filed by the trustees to restrain the defendant from longer officiating as pastor.

The bill is filed upon the theory that the session, a body composed of the church elders, had the sole power to employ a pastor. The proof, however, does not sustain this claim. It is admitted that no such power is given to the session by the constitution, or by any written rule of the society, or by the usages of the Presbyterian church throughout the country. The power is claimed only by the usages of this particular society. The proof, however, shows that the usage has been for the society to vote upon the employment of the pastor,

and all that can fairly be claimed for the session is that, after such vote, they have represented the society in making the contract. The fact that, in case they should refuse to carry out the wishes of the society in employing a new clergyman, it might be difficult for the society to enforce its vote, has nothing to do with the present case. The question here is, whether a court of chancery should interfere to expel from the pulpit a pastor who was first established there by the concurrent action of all parties, and who remains there in obedience to the vote of a majority of the society, whose wishes, according to the usage of the church, should control. The question is not whether he has a valid contract which would sustain an action for his salary, but whether his occupancy of the pulpit is such a wrong towards the society that its trustees may call upon a court of chancery to interfere by injunction.

To justify such an interference, a clear case should be made out; and such a case is not made by the proof in this record.

In the view we have taken of this case, the statute of frauds, upon which appellants' counsel rely, has no application.

The decree is affirmed.

*Decree affirmed.*